UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JEROME C. GIVENS, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | 1:10-cv-00064-JMS-MJD |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, INC., RICHARD L. HINCHMAN, M.D., RICHARD R. TANNER, M.D., WALTER E. MARTIN, AND DWIGHT L. GRAVES, | ) ) ) ) ) ) | |
| *Defendants*. | ) ) ) | |

## ORDER

Presently before the Court are Defendants' Motions for Summary Judgment. [Dkts. 91; 96.] For the reasons set forth herein, the Court **DISMISSES** Plaintiff Jerome C. Givens' official-capacity claims and **GRANTS** Defendants' Summary Judgment Motions.

### I.
### STANDARD OF REVIEW

A motion for summary judgment asks that the Court find that a trial based on the uncontroverted and admissible evidence is unnecessary because, as a matter of law, it would conclude in the moving party's favor. *See* Fed. R. Civ. Pro. 56. To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. Fed. R. Civ. Pro. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

As the current version Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular

1

parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. Pro. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. Pro. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. Pro. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially the grant of summary judgment. Fed. R. Civ. Pro. 56(e).

The Court need only consider the cited materials, Fed. R. Civ. Pro. 56(c)(3), and the Seventh Circuit Court of Appeals has "repeatedly assured the district courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them," *Johnson v. Cambridge Indus.*, 325 F.3d 892, 898 (7th Cir. 2003). Furthermore, reliance on the pleadings or conclusory statements backed by inadmissible evidence is insufficient to create an issue of material fact on summary judgment. *Id.* at 901.

The key inquiry, then, is whether admissible evidence exists to support a plaintiff's claims or a defendant's affirmative defenses, not the weight or credibility of that evidence, both of which are assessments reserved to the trier of fact. *See Schacht v. Wis. Dep't of Corrections*, 175 F.3d 497, 504 (7th Cir. 1999). And when evaluating this inquiry, the Court must give the non-moving party the benefit of all reasonable inferences from the evidence submitted and resolve "any doubt as to the existence of a genuine issue for trial . . . against the moving party." *Celotex*, 477 U.S. at 330.

## II.
### BACKGROUND

The undisputed facts are as follows. At all times during the period relevant to his complaint, Plaintiff Jerome Givens was incarcerated at various facilities within the Indiana Department of Corrections ("**DOC**"), specifically the Reception Diagnostic Center, the Edinburgh Correctional Facility, the Plainfield Correctional Facility, and the Indianapolis Men's Community Re-Entry Center. Correctional Medical Services ("**CMS**") contracts with the DOC to provide medical care to Indiana prisoners, including those at the facilities where Mr. Givens was incarcerated. During the period relevant to Mr. Givens' complaint, Dr. Richard Tanner and Dr. Richard Hinchman were the primary physicians at the Edinburgh Correctional Facility and the Indianapolis Men's Community Re-Entry Center, respectively; Walter Martin was the superintendent of the Indianapolis Men's Community Re-Entry Center, and Dwight Graves was an administrative assistant at the facility.

Mr. Givens claims that his medical condition required a no-starch, high-protein diet, and he alleges that he did not receive that diet during his stay within the DOC. [Dkt. 29 at 9-14.] When Mr. Givens arrived at the Indianapolis Men's Community Re-Entry Center, Dr. Tanner decided that Mr. Givens did not require a no-starch, high protein diet. [Dkt. 92 at 19.] While he was assigned to kitchen detail, Mr. Givens managed to maintain his requested diet informally. [Dkt. 29-2.] After he was removed from kitchen detail, Mr. Givens filed a formal grievance to

have his no-starch, high-protein diet reinstated. [Dkt. 29-2.] Mr. Givens claims that he suffered from "dumping syndrome"[1] as a result of not receiving his requested diet. [Dkt. 29-2.]

Of the defendants included in Mr. Givens' Amended Complaint, only CMS, Dr. Richard Hinchman, Dr. Richard Tanner, Dwight Graves, and Walter Martin remain. [Dkt. 29 at 1.] These defendants now seek summary judgment. [Dkts. 91, 96.]

## III.
### DISCUSSION

Mr. Givens has sued the defendants under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs, a cause of action that the Supreme Court has recognized in *Farmer v. Brennan*. 511 U.S. 825, 828 (1994). Deliberate indifference may be manifested "by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Erickson v. Pardus*, 551 U.S. 89, 90 (2007) (per curiam) (internal citations omitted).

To succeed on a deliberate indifference claim, a plaintiff must satisfy both an objective and a subjective component. *Farmer*, 511 U.S at 834. First, he must demonstrate that his medical condition is "objectively, sufficiently serious." *Id*. Then he must demonstrate that the defendant acted with a "sufficiently culpable state of mind." *Id.* To make this subjective showing, the plaintiff must establish that the defendant knew he faced a substantial risk of harm and disregarded that risk. *Id*. Deliberate indifference "is more than negligence and approaches

---

[1] While neither party provides medical evidence as to what constitutes a "dumping syndrome" or a "dumping event, " the Mayo Clinic defines it as a group of symptoms, including cramping and nausea, that "occurs when [the] undigested contents of [the] stomach are transported or 'dumped' into [the] small intestine too rapidly." Mayo Clinic Staff, *Dumping Syndrome* (accessed September 27, 2011) <http://www.mayoclinic.com/health/dumping-syndrome/DS00715>.

4

intentional wrongdoing." *Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006) (citation omitted).

### A. Official-Capacity Claims Under § 1983

Mr. Givens' Complaint alleges § 1983 claims against defendants in both their official and individual capacities. [Dkt. 29 at 1.] Well-settled case law applying the Eleventh Amendment's grant of sovereign immunity establishes that the official-capacity claims against all of the defendants must be dismissed. An official-capacity claim is effectively a suit against the governmental entity employing the defendant. *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir. 1992), *cert. denied*, 508 U.S. 942 (1993). In this § 1983 case, therefore, official-capacity claims against the defendant individuals as employees or agents of the Indiana Department of Correction are prohibited. *Flayter v. Wisconsin Department of Correction*, 16 Fed. Appx. 507, 509 (7th. Cir. 2001). *See also Kentucky v. Graham*, 473 U.S. 159, 165-67 and n.14 (1985) (barring under the Eleventh Amendment a suit for damages against a state officer in his official capacity). Accordingly, any claims for damages against the defendants in their official capacities as employees or agents of the Indiana Department of Correction are **DISMISSED**.

### B. Mr. Givens' § 1983 Claims Against CMS and Employees

#### 1. Mr. Givens' § 1983 Claim Against CMS

In his Complaint, Mr. Givens contends that CMS's alleged constitutional deprivation "represented the implementation of a policy, practice, or custom of Defendant CMS." [Dkt. 29 at 7.] In its motion for summary judgment, however, CMS argues that there was no practice or policy prohibiting special diets or otherwise resulting in constitutional deprivation [Dkt. 92 at 16-17.] To show that an entity like CMS demonstrated deliberate indifference, Mr. Givens must provide evidence that:

> (1) CMS has an express policy that, when enforced, causes a constitutional deprivation;
>
> (2) CMS has a practice so wide-spread that, although not authorized by written or express policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or
>
> (3) the alleged constitutional injury was caused by a person with final policy-making authority.

*Estate of Moreland v. Dieter*, 395 F.3d 747, 758-59 (7th Cir. 2004) (internal citations omitted).

Mr. Givens provides no such evidence in his brief opposing CMS's motion for summary judgment. Asserting only that CMS "provided medical advise [sic] on a plethora of medical issues," Mr. Givens makes no mention of any specific policy, practice, or act by a final decision-maker at CMS that resulted in his alleged constitutional deprivation. [Dkt. 109 at 5.] Moreover, his failure to develop his claim with argument and citations to the record constitutes a waiver of the claim. *Palmer v. Marion Cnty.*, 327 F.3d 588, 597-98 (7th Cir. 2003) (holding that arguments not presented to the district court in response to summary judgment motions are waived). *See also Celotex*, 477 U.S. at 324 (a party opposing a motion for summary judgment may not rest on the allegations in the pleadings, but must offer specific evidence demonstrating a factual basis for his entitlement to relief). To whatever extent waiver has not occurred, the Court finds that no genuine dispute of material fact exists because Mr. Givens has produced no admissible evidence of any CMS policy, practice, or act by final decision-maker that resulted in Mr. Givens' injury. Accordingly, CMS is entitled to summary judgment, and the Court **GRANTS** its motion.

### 2. Mr. Givens' § 1983 Claim Against Dr. Richard Hinchman

In his motion for summary judgment, Dr. Hinchman denies that he had any involvement in the alleged failure to provide Mr. Givens with the special diet he claims to need. [Dkt. 92 at 19.] In fact, Dr. Hinchman affirmatively testifies that he provided Mr. Givens with the requested diet. [Dkt. at 18.] In his brief opposing summary judgment, Mr. Givens makes no specific mention of Dr. Hinchman or his personal participation in the alleged constitutional deprivation. Personal participation is required as a predicate to any § 1983 claim. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Mr. Givens failure equates to a forfeiture as to any argument that Dr. Hinchman had the required level of involvement. *Witte v. Wisconsin Department of Correction*, 434 F.3d 1031, 1038 (7th Cir. 2006) (a party forfeits any arguments it fails to raise in a brief opposing summary judgment); *Palmer*, 327 F.3d at 597-98 (7th Cir. 2003) (claims not addressed in response to summary judgment are deemed abandoned). Therefore, the Court also **GRANTS** summary judgment for Dr. Hinchman.

### 3. Mr. Givens' § 1983 Claim Against Dr. Richard Tanner

Mr. Givens also claims that Dr. Tanner should be held liable under § 1983 because he did not order tests to determine "whether Plaintiff has had a 'dumping event.'" [Dkt. 5.] Dr. Tanner admits he did not prescribe the diet requested by Mr. Givens, and states he determined that Mr. Givens was better served with a heart healthy diet. He therefore argues that he acted not with deliberate indifference, but in accordance with his own medical opinion. [Dkt. at 92 at 19-20.] In his response brief, Mr. Givens acknowledges Dr. Tanner's examination and treatment of him but argues that "what Dr. Tanner did not do which should have been done [sic]" gives rise to a

material dispute of fact as to whether Dr. Tanner's care was "reasonable," thus precluding summary judgment. [Dkt. 109 at 5.]  He is mistaken.

Deliberate indifference "is more than negligence and approaches intentional wrongdoing." *Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006) (citation omitted).  Even if Dr. Tanner's conduct was "unreasonable" Mr. Givens still cannot prevail.  Medical malpractice or disagreement with a doctor's medical judgment does not constitute deliberate indifference.[2] *Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007).  Nowhere in his response brief has Mr. Givens shown why Dr. Tanner's actions constitute deliberate indifference. Therefore, the Court **GRANTS** summary judgment for Dr. Tanner.

### C. Claims Against Individuals from the Indianapolis Men's Community Re-Entry Center

Mr. Givens has also brought § 1983 claims against Superintendent Walter Martin and Administrative Assistant Dwight Graves of the Indianapolis Men's Community Re-Entry Center ("IMCRC"), alleging liability in their individual capacities.

To recover damages from an official under § 1983, a plaintiff must establish the official's personal involvement and responsibility for the alleged deprivation.  *Chavez*, 251 F.3d at 651.  "[A]n official meets the personal involvement requirement when [ ]he acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at h[is] direction or with [his] knowledge and consent." *Black v. Lane*, 22 F.3d 1395, 1401 (7th Cir.1994) (citations and internal quotations omitted).  *See also Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996) ("[A] prisoner may not attribute any of

---

[2] The Court is not aware of any state law claims Mr. Givens has filed against Dr. Tanner for malpractice.

his constitutional claims to higher officials by the doctrine of respondeat superior; the official must actually have participated in the constitutional wrongdoing.") (internal quotations omitted).

### 1. Mr. Givens' § 1983 Claim Against Mr. Dwight Graves

Mr. Graves claims no independent recollection of contact with Mr. Givens, but asserts that had he been aware of the condition, he would have followed instructions from the CMS staff regarding Mr. Givens' diet and prescriptions. [Dkt. 97 at 7.] In his response brief, Mr. Givens argues only that Mr. Graves was aware of his medical condition, [dkt. 109 at 2-4]; he makes no mention of how Mr. Graves demonstrated deliberate indifference toward him and cites no evidence supporting that standard. While Mr. Givens is entitled to the benefit of all inferences, Mr. Graves' awareness of Mr. Givens' medical condition is only half the proof Mr. Givens must muster. Mr. Givens has failed to either present evidence or develop his argument regarding deliberate indifference and Mr. Graves' personal involvement in the alleged deprivation. Because Mr. Givens must show Mr. Graves' personal involvement, *Chavez*, 251 F.3d at 651, and because Mr. Givens has forfeited any argument regarding deliberate indifference, Mr. Graves is entitled to summary judgment. *Witte*, 434 F.3d at 1038; *Palmer*, 327 F.3d at 597-98. Therefore, the Court **GRANTS** summary judgment for Mr. Graves.

### 2. Mr. Givens' § 1983 Claim Against Mr. Walter Martin

In his motion for summary judgment, Mr. Martin does not deny awareness of Mr. Givens' medical condition, but instead points to his deferral to Dr. Tanner's medical opinion in arguing that he acted reasonably, rather than with deliberate indifference. In his response brief, Mr. Givens again sets out only to show that Mr. Martin was aware of his medical condition, [dkt. 109 at 2-4], but fails to address Mr. Martin's argument regarding deliberate indifference or develop his own argument regarding the claim. This Court concludes, then, that Mr. Givens has

9

similarly forfeited his claim against Mr. Martin for failure to develop the claim in response to Mr. Martin's motion for summary judgment. *Witte*, 434 F.3d at 1038; *Palmer*, 327 F.3d at 597-98.

Even putting aside Mr. Givens' forfeiture, Mr. Martin would still be entitled to summary judgment based on the undisputed facts. Mr. Martin cannot be said to have acted with deliberate indifference by deferring to the medical opinions of Dr. Tanner regarding Mr. Given's diet. *See Hayes v. Snyder*, 2008 WL 4511881, *11 (7th Cir. 2008) ("The policy supporting the presumption that non-medical officials are entitled to defer to the professional judgment of the facility's medical officials on questions of prisoners' medical care is a sound one."); *Farmer*, 114 S.Ct. at 1983 ("Whether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause.)

Therefore, this Court **GRANTS** Mr. Martin's motion for summary judgment.

## IV.
### CONCLUSION

In short, the Court finds that there is no genuine issue of material fact regarding Mr. Givens' § 1983 claims and that, based on the evidence in the record, the remaining defendants are entitled to judgment as a matter of law. The Court **DISMISSES** Mr. Givens' official-capacity claims and **GRANTS** Defendants' Summary Judgment Motions. [Dkts. 91; 96.] The Court grants summary judgment in favor of Correctional Medical Services, Dr. Richard Hinchman, Dr. Richard Tanner, Dwight Graves and Walter Martin. Judgment will issue accordingly.

09/27/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only**:

Scott Leroy Barnhart
INDIANA OFFICE OF THE ATTORNEY GENERAL
scott.barnhart@atg.in.gov

James F. Bleeke
BLEEKE DILLON CRANDALL PC
jim@bleekedilloncrandall.com

Andrew C. Briscoe
DREWRY SIMMONS VORNEHM, LLP
abriscoe@DSVlaw.com

Carol A. Dillon
BLEEKE DILLON CRANDALL, P.C.
carol@bleekedilloncrandall.com

Thomas J. Grau
DREWRY SIMMONS VORNEHM, LLP
tgrau@DSVlaw.com

Lawrence M. Reuben
LAW OFFICES OF LAWRENCE M.REUBEN
reuben@reubenlaw.net

Christopher D. Simpkins
BLEEKE DILLON CRANDALL PC
chris@bleekedilloncrandall.com

Cory Christian Voight
INDIANA OFFICE OF THE ATTORNEY GENERAL
cory.voight@atg.in.gov